**SO ORDERED.**

**SIGNED this 17th day of June, 2015.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

Opinion designated for publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

**REBECCA JOANNE MOSBY,**

         **DEBTOR.**

CASE NO. 14-22981
CHAPTER 7

**MEMORANDUM OPINION AND JUDGMENT
SUSTAINING THE CHAPTER 7 TRUSTEE'S OBJECTION TO
DEBTOR'S CLAIMED EXEMPTION OF HER INHERITED IRA**

The matter before the Court is the Chapter 7 Trustee's objection to Debtor's claim of exemption of her Jackson Life IRA under K.S.A. 60-2308(b). The Chapter 7 Trustee, Carl R. Clark, appears by Shane J. McCall of Lentz Clark Deines PA. Debtor Rebecca Joanne Mosby appears by Ryan L. White of Evans & Mullinix, P.A. The Court has jurisdiction.[1]

_____

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that

**FACTS.**

The facts are not in dispute. Debtor, a Kansas resident, filed a voluntary petition under Chapter 7 on December 29, 2014. Carl R. Clark was appointed Trustee. In Debtor's Schedule C filed on December 29, 2014, she claims a Jackson Life IRA valued at $15,015.50 as exempt under various Kansas statutes. Debtor inherited the Jackson Life IRA from her mother, and it is an inherited IRA, as defined by 26 U.S.C. § 408(d)(3)(C)(ii).

**POSITIONS OF THE PARTIES.**

The Trustee objected to the exemption,[2] arguing that none of the statutes listed on Debtor's Schedule C applied to exempt the Jackson Life IRA, and if the exemption were claimed under K.S.A. 60-2308, the Kansas statute exempting pension and retirement money, it should nevertheless be denied. Debtor responded, arguing that the Jackson Life IRA is exempt under K.S.A. 60-2308.[3] Argument was heard, and post-argument briefs were filed.

---

exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). An objection to exemptions is a core proceeding which ths Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

[2] Doc. 15.

[3] Debtor has filed an Amended Schedule C, which added K.S.A. 60-2308, -2308(b), and -2313(a)(1) as the basis for the exemption of the IRA. Doc. 31.

2

When arguing the Jackson Life IRA is not exempt under the Kansas statute, the Trustee relies upon the reasoning of *Clark v. Rameker*,[4] where the United States Supreme Court held that funds in an IRA which a Chapter 7 debtor inherited from her late mother were not "retirement funds," as that phrase is used in the federal bankruptcy exemption, 11 U.S.C. § 522(b)(3)(C).[5] Debtor responds that the Kansas exemption statute is broader than the corresponding federal statute, and the Trustee's objection should be denied.

**DISCUSSION.**

An individual retirement account, commonly called an IRA, is defined by 26 U.S.C. § 408(a) to be a trust created or organized in the United States for the benefit of an individual or his beneficiaries that satisfies a number of conditions, such as containing only contributions made in cash in amounts not exceeding a taxable-year maximum. IRAs offer a number of tax advantages to encourage individuals to save for retirement. To ensure that the accounts "are used for retirement purposes and not as general tax-advantaged savings vehicles, Congress made certain withdrawals . . . subject to a 10 percent penalty if taken before an account holder reaches the age of 59½."[6] An inherited IRA, defined by 26 U.S.C. § 408(d)(3)(C)(ii), is an IRA that has been inherited after the owner's death by an individual who is not the account owner's surviving spouse. In

---

[4] ___ U.S. ___, 134 S.Ct. 2242, 189 L.Ed.2d 157 (2014).

[5] Future references in the text to Tittle 11 shall be to the section number only.

[6] *Clark*, 134 S.Ct. at 2245.

3

*Clark*, the Supreme Court described the differences between a regular IRA and an inherited IRA as follows:

> Inherited IRAs do not operate like ordinary IRAs. Unlike with a traditional . . . IRA, an individual may withdraw funds from an inherited IRA at any time, without paying a tax penalty. Indeed, the owner of an inherited IRA not only may but *must* withdraw its funds: The owner must either withdraw the entire balance in the account within five years of the original owner's death or take minimum distributions on an annual basis. And unlike with a traditional . . . IRA, the owner of an inherited IRA may never make contributions to the account.[7]

In this case, Debtor seeks to exempt an inherited IRA. Kansas has exercised the option under § 522(b) to opt out of the federal exemptions.[8] Therefore, Debtor's right to exempt an IRA account is governed by K.S.A. 2014 Supp. 60-2308(b), which provides that pension and retirement money is exempt. The statute states:

> (b) Except as provided in subsection (c), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under Sections 401(a), 403(a), 403(b), 408, 408A or 409 of the federal internal revenue code of 1986, and amendments thereto, shall be exempt from any and all claims of creditors of the beneficiary or participant. Any such plan shall be conclusively presumed to be a spendthrift trust under these statutes and the common law of the state.

For debtors residing in states which have not opted out of the federal exemptions, the Bankruptcy Code provides an exemption similar to the Kansas exemption for money in a

---

[7] *Id.* (citations omitted).

[8] K.S.A 60-2312.

4

retirement plan. The federal exemption provides that the following property is exempt: "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 402, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986."[9]

In *Clark*, the United States Supreme Court held that funds contained in an "inherited IRA," as defined by 26 U.S.C. § 408(d)(3)(C)(ii), are not "retirement funds" within the meaning of the federal exemption. Since the phrase "retirement funds" is not defined by the Code, the Court adopted its ordinary meaning of "sums of money set aside for the day an individual stops working."[10] Three legal characteristics of an inherited IRA led the Court "to conclude that funds held in such accounts are not objectively set aside for the purpose of retirement."[11] First, contributions to inherited IRAs are forbidden. Second, "holders of inherited IRAs are required to withdraw money from such accounts, no matter how many years they may be from retirement."[12] Third, the holder of an inherited IRA may withdraw the entire balance, without penalty at any time and for any purpose.[13] The Court also found including inherited IRAs within the retirement funds exemption would not be consistent with the exemption's purpose of "helping to ensure

---

[9] 11 U.S.C. § 522(b)(3)(C).

[10] *Clark*, 134 S.Ct. at 2246.

[11] *Id*. at 2247.

[12] *Id*.

[13] *Id*.

5

that debtors will be able to meet their basic needs during their retirement years."[14] Because of the legal characteristics of an inherited IRA, the Court found that allowing the exemption would convert the "fresh start" promoted by the Code into a "free pass," allowing the debtor to use the account balance for a vacation home or a sports car immediately after completion of the bankruptcy process.[15]

      The Court finds the reasoning of the unanimous *Clark* decision to be compelling, and finds no material difference between the federal and Kansas exemptions. Whereas the federal exemption applies to "retirement funds" that are exempted from taxation by specified provisions of the Tax Code, the Kansas exemption applies to payments from and interests in a "retirement plan" that is qualified under many of the same Tax Code sections. Because of the differences between IRAs and inherited IRAs, it cannot be said that an inherited IRA is a retirement plan. The individual holding an inherited IRA cannot make contributions to the account for retirement (or any other purpose); must withdraw the balance within five years or take annual minimum withdrawals, all without regard to retirement; and may withdraw the entire balance without penalty for any purpose. In so holding, this Court is in harmony with numerous decisions reached before

---

[14] *Id*.

[15] *Id*. at 2248.

the Supreme Court's 2014 decision in *Clark* that likewise held inherited IRAs were not exempt under a variety of state exemption statutes.[16]

As argued by the Debtor, her inherited Jackson Life IRA is defined by 26 U.S.C. § 408, one of the federal statutes enumerated in the Kansas retirement funds exemption statute. But the Kansas statute uses that section of the Tax Code, together with other sections, to define qualified retirement plans for purposes of the exemption. In addition to inherited IRAs, § 408 defines IRAs and individual retirement annuities. The Kansas statute does not say that all accounts defined by § 408 constitute retirement plans. Examination of the legal characteristics of IRAs leads to the conclusion that IRAs constitute retirement plans but inherited IRAs do not.

The Court is cognizant that, generally, exemption statutes are liberally construed to give effect to their beneficent purpose. But this does not mean the Court should ignore the limitations imposed by the legislature's choice of language. In *Moore*,[17] a debtor sought under a prior version of K.S.A. 2014 Supp. 60-2308(b),[18] to exempt money paid to her by her retirement plan and deposited into her bank account. Based upon the statutory language that the exemption applies to funds "payable" from retirement plans, then Bankruptcy Judge Robinson held funds already paid were not exempt. The Tenth Circuit

---

[16] *See* James L. Boring, *et al.*, Protection of Inherited IRAs, 36 ACTEC L. J. 577, 621, Exhibit C (American College of Trust and Estate Counsel, Winter 2010).

[17] *In re Moore*, 214 B.R. 628, 631 (Bankr. D. Kan. 1997).

[18] The version of K.S.A. 60-2308(b) that Judge Robinson was construing did not differ from the current version in any way that is relevant to this decision.

7

BAP cited *Moore* with approval in *Carbaugh*, and likewise held the 60-2308(b) exemption was not available for funds paid from a pension plan and deposited into an account of the debtor.[19] The Kansas legislature stated that only assets and interests in "a retirement plan" qualified under 26 U.S.C. § 408 are exempt; it did not state that all assets and interests in an account recognized by 26 U.S.C. § 408 are exempt.

**CONCLUSION.**

For the foregoing reasons, the Court sustains the Trustee's objection to Debtor's claim of exemption of her Jackson Life IRA under K.S.A. 2014 Supp. 60-2308(b).

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered sustaining the Trustee's objection to Debtor's claimed exemption of her Jackson Life IRA, which constitutes an inherited IRA under 26 U.S.C. § 408(d)(3)(C)(ii). The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

# # #

---

[19] *Carbaugh v. Carbaugh (In re Carbaugh)*, 278 B.R. 512, 523 (10th Cir. BAP 2002).